IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:22-CV-00101

| | |
|---|---|
| WEI JIANG, MD<br><br>    Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY, DUKE UNIVERSITY HEALTH SYSTEM, MOIRA RYNN, MD, in her individual and official capacity, and MARY E. KLOTMAN, in her individual and official capacity,<br><br>    Defendants. | |

### DEFENDANTS' MOTION TO DISMISS
### PURSUANT TO RULE 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Duke University, Duke University Health System, Moira Rynn, M.D., individually and in her official capacity, and Mary E. Klotman, individually and in her official capacity (collectively, "Defendants"), move to dismiss the Complaint in this action filed by Plaintiff Wei Jiang, M.D. ("Plaintiff") for failure to state a claim upon which relief can be granted. In further support of this motion, Defendants state as follows:

1. Plaintiff's Count One claiming discrimination and a hostile work environment on the basis of race, sex, national origin, and age, and also claiming retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") fails to state a claim upon which relief can be granted because the Complaint fails to allege any facts plausibly showing that the alleged adverse employment actions against Plaintiff were motivated by discriminatory animus based on Plaintiff's membership in any protected class, that she was subjected to severe or pervasive harassment based on her membership in any protected class, or that the alleged adverse employment actions against her were caused by her engagement in any protected activity. The Complaint alleges these elements of Plaintiff's discrimination and retaliation claims under Title VII and the ADEA only in the most conclusory terms. Further, a plausible non-discriminatory and non-retaliatory reason for the actions taken against Plaintiff appears on the face of the Complaint and the multiple documents referenced therein.

2. Plaintiff's Count Two claiming discrimination and a hostile work environment on the basis of her race and national origin, and also claiming retaliation, in violation of 42 U.S.C. § 1981 fails to state a claim upon which

relief can be granted because the Complaint fails to allege any facts plausibly showing that the alleged adverse employment actions against Plaintiff were motivated by discriminatory animus based on Plaintiff's race or national origin, that she was subjected to severe or pervasive harassment based on her race and national origin, or that the alleged adverse employment actions against her were caused by her engagement in any protected activity. The Complaint alleges these elements of Plaintiff's discrimination and retaliation claims under Section 1981 only in the most conclusory terms. Further, a plausible non-discriminatory and non-retaliatory reason for the actions taken against Plaintiff appears on the face of the Complaint and the multiple documents referenced therein.

3. Plaintiff's Count Three claiming conspiracy to violate her civil rights under 42 U.S.C. § 1985 fails to state a claim upon which relief can be granted because the Complaint fails to allege facts plausibly demonstrating that Defendants violated Plaintiff's rights under Title VII, Section 1981, or the ADEA or that any of Defendants formed an agreement to violate Plaintiff's rights under those statutes. The Complaint alleges these elements of Plaintiff's Section 1985 only in the most conclusory terms. Further, the Complaint fails to allege a conspiracy between two or more persons because, under the intracorporate immunity doctrine, as a matter of law, neither a

principal and its agent nor two agents of the same principal can form a conspiracy because they are not two separate persons or entities.

4. In further support of their motion, Defendants submit their Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(6), which is filed contemporaneously with the motion.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted.

This the 28th day of March, 2022.

MORNINGSTAR LAW GROUP

/s/ Harrison M. Gates
Harrison M. Gates
N.C. State Bar. No. 43793
hgates@morningstarlawgroup.com
700 W. Main St.
Durham, NC  27701
Telephone: (919) 590-0364

Amie Flowers Carmack
N.C. State Bar No. 21970
acarmack@morningstarlawgroup.com
421 Fayetteville St., Suite 530
Raleigh, NC  27601
Telephone: (919) 590-0370

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Dismiss Pursuant to Rule 12(b)(6) was this day served by filing the document electronically via the CM/ECF system, which will send notification of such filing to the following recipients:

    Valerie Bateman
    NEW SOUTH LAW FIRM
    209 Lloyd Street, Suite 350
    Carrboro, NC 27510
    valerie@newsouthlawfirm.com

    June Allison
    NEW SOUTH LAW FIRM
    233 Laurel Avenue
    Charlotte, NC 28207
    june@newsouthlawfirm.com

This the 28th day of March, 2022.

                MORNINGSTAR LAW GROUP

                /s/ Harrison M. Gates
                Harrison M. Gates
                N.C. State Bar. No. 43793
                hgates@morningstarlawgroup.com
                700 W. Main St.
                Durham, NC  27701
                Telephone: (919) 590-0364

                *Attorneys for Defendants*