UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:22-CV-00101

| | |
|---|---|
| Wei Jiang, M.D <br><br> Plaintiff, <br><br> v. <br><br> Duke University, Duke University Health System, Moira Rynn, M.D, in her individual and official capacity, and Mary E. Klotman, in her individual and official capacity, <br><br> Defendants. | **MOTION UNDER F. R. Civ. P. 59(e) and ALTERNATIVELY UNDER F. R. Civ. P. 60(b)** |

NOW COMES the Plaintiff and moves this Court under F. R. Civ. P. 59(e) to alter, amend, or set aside the judgment [DE13] and alternatively under F. R. Civ. P 60(b)(6) to relieve Plaintiff from the judgment [DE13] and Order [DE112] for the purpose of allowing the Court to consider Plaintiff's Motion seeking leave to Amend her Complaint, which has been filed contemporaneously with this Motion. In support of this Motion, Plaintiff shows the Court the following:

This Court has held that

> [i]n the Fourth Circuit, a dismissal without prejudice is not considered a final order or judgment if "the plaintiff could save his action by merely amending his complaint." *Young v. Nickols*, 413 F.3d 416, 418 (4th Cir. 2005) (quoting *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993)); *see Hui Kun Li v. Shuman*, No. 5:14-CV-00030, 2015 WL 4274167, at *2 (W.D. Va. July 14, 2015) (finding that, for purposes of Rule 60(b) analysis, the court's dismissal without prejudice of ten counts did "not operate as a final judgment or order from which relief can be granted" where plaintiffs were permitted to amend their complaint).

*Hill v. AQ Textiles LLC*, 582 F. Supp. 3d 297, 307 (M.D.N.C. 2022). In this case, the judgment [DE13] does not state that the dismissal is with prejudice.

Likewise, the Court has also indicated that "a dismissal is not a final order "unless the grounds for dismissal clearly indicate that 'no amendment [in the complaint] could cure the defects in the plaintiff's case.' " *Id.* (quoting *Domino Sugar,* 10 F.3d at 1067 (quoting *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988)). The order [DE12] does not indicate that an amendment to certain of the claims raised in the Complaint would not cure the defects found by the Court.

 "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a

prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470-71 (4th Cir. 2011) (explaining that "a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b)," *id.* at 470).

A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). The Motion to Amend sets forth reasons why the amendment is not prejudicial to the opposing party, why there has been no bad faith on the part of the Plaintiff, and why the amendment is not futile.

For the foregoing reasons and for the reasons stated in the Motion to Amend, Plaintiff respectfully requests that this Court set aside the judgment and grant this Motion and Plaintiff's Motion to Amend her Complaint.

-3-

Respectfully submitted, this the 22nd day of March 2023.

| | |
|---|---|
| /S/ VALERIE BATEMAN | /S/ JUNE ALLISON |
| NC State Bar: 13417 | NC State Bar: 9673 |
| T: 919-810-3139 | T: 704-277-0113 |
| New South Law Firm | New South Law Firm |
| 209 Lloyd St., Ste 350 | 233 Laurel Avenue |
| Carrboro, NC 27510 | Charlotte, NC 28207 |
| valerie@newsouthlawfirm | June@newsouthlawfirm |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document using the CM/ECF filing system which will automatically send email notification of such filing to the all counsel of record.

This the 22nd day of March 2023.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM