UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:22-CV-00101

| | | |
|---|---|---|
| Wei Jiang, M.D | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MOTION TO AMEND** |
| Duke University, Duke University Health | ) | |
| System, Moira Rynn, M.D, in her | ) | |
| individual and official capacity, and Mary | ) | |
| E. Klotman, in her individual and official | ) | |
| capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

NOW COMES Plaintiff, by and through the undersigned counsel, and moves this Court pursuant to F.R. Civ. P. 15(a) and LR 7.3(j) and 15.1 to amend her Complaint. In support of this Motion, Plaintiff shows the Court the following:

## BACKGROUND

1.     Plaintiff's Complaint was filed February 3, 2022. **DE 1**

2.     Defendants filed their Motion to Dismiss on March 28, 2022. **DE5**

3.     Plaintiff responded to the Motion to Dismiss on May 9, 2022. **DE9**

4.     Defendants filed a reply to Plaintiff's Response on May 23, 2022. **DE11**

5.     On February 22, 2023, the Court entered its Order **[DE12]** and Judgment **[DE13]** dismissing Plaintiff's Complaint.

6.     In its Order, the Court noted the following deficiency as to Plaintiff's Title VII disparate treatment claim:

> For the fourth element of a disparate treatment claim, however, the Court finds that Plaintiff has not plausibly pled that she suffered any of these adverse actions on account of her race, color, sex, or national origin because she has not alleged any facts establishing that she was treated differently from other employees outside her protected class.

**[DE12, p 6]**

7.     As to Plaintiff's § 1981 claim, the Court also stated:

> Accordingly, the Court's analysis of Plaintiff's Title VII discrimination claim applies with equal force to Plaintiff's § 1981 discrimination claim, and the Court will dismiss the § 1981 discrimination claim for failure to identify any similarly situated employees outside the protected classes who received more favorable treatment.

**[DE12, p9]**

8.     Plaintiff's amended complaint alleges the specific names of other similarly situated researchers at Duke under the supervision of the individual defendants who were audited within the department, but not then subjected to multiple external audits.

9.     Plaintiff's amended complaint alleges other colleagues who knew of Plaintiff's disparate treatment as this was well known to her colleagues and

other researchers with whom she worked. In the time between the Court's order and dismissal These individuals are listed by name and provide evidence that Plaintiff was treated differently from other individuals who were not her race or ethnicity, and her sex.

10. In its Order, the Court noted the same deficiency as to Plaintiff's hostile work environment claim. As with her disparate treatment claim, Plaintiff's amended complaint provides additional allegations that her colleagues awe well as the ombudsman noticed that the Defendant was actively and obviously hostile towards her and treated her differently from other individuals in the Department who were similarly situated to her but were not her ethnicity, race, or sex.

11. As for Plaintiff's retaliation claim, the Court noted that the Court failed to plead the existence of the November 12, 2020, letter in her Complaint, the Court could not consider that letter as evidence of a causal connection allowing an inference of retaliation: "[b]ecause Plaintiff does not allege the existence of the November 12, 2020, letter in her Complaint, the Court addresses only whether Plaintiff has pled a claim for retaliation based on the allegations relating to the faculty ombudsman and the filed charge. [**DE12, pp10-11**]

12. Plaintiff's proposed amended complaint remedies this omission and includes the letter and makes additional allegations about a connection

between Plaintiff's allegations of discrimination and the adverse actions taken by Defendants. In addition, Plaintiff makes additional allegations regarding the adverse actions taken after Plaintiff filed her charge of discrimination as well and especially regarding the sending of the JAMA letter, as noted by the Court. [**DE12, pp12-13**] ("Assuming without deciding that sending the letter to JAMA was an adverse employment action, the Court nevertheless finds that that there are no allegations in the Complaint that support the existence of a causal link between the filing of the charge and the sending of the JAMA letter. . . . [and] the Complaint does not allege when in 2021 the letter to JAMA was sent. Therefore, the Court lacks enough information to assess how much time passed between Plaintiff's filing her charge and the JAMA letter.")

## LAW

13.     F.R. Civ. P 15(a) provides for amendments before trial. Subsection (1) provides for amendments as a "matter of course." Subsection (2) provides for "other amendments." Subsection (2) also provides that "[t]he court should freely give leave when justice so requires."

14.     While Rule 15(a) states that "leave shall be freely given when justice so requires," leave to amend is not automatic and is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). *See also Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987), cert. denied,

485 U.S. 977, 108 S. Ct. 1271, 99 L.Ed.2d 483 (1988); *Gladhill v. General Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir.1984).

15.    This District has held that reasons to deny a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Shanks v. Forsyth Cty. Park Auth., Inc.*, 869 F. Supp. 1231, 1238 (M.D.N.C. 1994) (quoting *Foman*, 371 U.S. at 182, 83 S. Ct. at 230).  *See also Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1043 (4th Cir.1984).

16.    Plaintiff's counsel have sought to be mindful of their obligations under the Federal Rules of Civil Procedure, such as:  the obligation under Rule 8 to provide a "a short and plain statement of the claim showing that the pleader is entitled to relief" and the countervailing obligation under Rule 12(b) to provide sufficient facts to meet pleading obligations under *Twombly/Iqbal*.

17.    Plaintiff has not engaged in undue delay, bad faith, and has no dilatory motive.  Moreover, the motion to amend does not follow "repeated failures to cure deficiencies by amendments previously allowed."  Nor will there be any undue prejudice to any of the Defendants because the amendments are for the purpose of clarification and for the specific purpose of addressing Defendants'

objections to the Complaint and First Amended Complaint which Plaintiff has diligently attempted to address.

18.     Finally, the amendments are not futile because they seek to cure the very deficiencies noted by the Court.  Notably, Plaintiff does not seek to include her previous § 1985 claim in the Amended Complaint.  The factual allegations added to the proposed amended Complaint are more than sufficient to establish a prima facie case of discrimination under Title VII, the ADEA, and § 1981, even though Plaintiff is not even obligated to do so at this stage of the pleading.  *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584–85 (4th Cir. 2015).  Providing the factual enhancements to Plaintiff's allegations that she was treated differently from others who were similarly situated to her meets the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court allow Plaintiff to file a Second Amended Complaint.

Respectfully submitted, this the 22nd day of March 2023.


/s/ VALERIE L. BATEMAN                    /S/ JUNE K. ALLISON
Valerie L. Bateman                         June K. Allison
NEW SOUTH LAW FIRM                         NEW SOUTH LAW FIRM
209 Lloyd Street, Ste 350                  233 S. Laurel Avenue
Carrboro, North Carolina 27510             Charlotte, NC  28207
Tel:  919-810-3139                         Tel:  704-277-0113
Fax: 919-823-6383                          Fax: 919-823-6383
valerie@newsouthlawfirm.com                june@newsouthlawfirm.com
NC State Bar No. 13417                      NC State Bar No. 9673
*Attorneys for Plaintiff*                   *Attorneys for Plaintiff*

## CERTIFICATE OF FILING AND SERVICE

This is to certify that the undersigned has this day electronically filed or caused to be filed the foregoing **PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of the filing of the document to all counsel of record.

This the 22nd day of March 2023.

/s/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM