IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WEI JIANG, M.D., | ) |
|         Plaintiff, | ) |
|         v. | )    1:22CV101-1 |
| DUKE UNIVERSITY, DUKE UNIVERSITY HEALTH SYSTEMS, MOIRA RYNN, M.D., in her individual and official capacity, and MARY E. KLOTMAN, in her individual and official capacity, | ) |
|         Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Wei Jiang, M.D., ("Plaintiff") initiated this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)–2000e17 ("Title VII"); the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; 42 U.S.C. § 1981; and 42 U.S.C. § 1985. (ECF No. 1 ¶¶ 1–4.) Plaintiff alleges claims of discrimination, hostile work environment, and retaliation against her employers Defendants Duke University, Duke University Health Systems, Moira Rynn, M.D., and Mary E. Klotman ("Defendants"). (*Id.* at 59–61 ¶¶ 15–30.) Before the Court is Plaintiff's Motion to Alter Judgment and Motion to Amend. (ECF Nos. 14; 15.) For the reasons stated herein, Plaintiff's Motion to Alter Judgment will be denied and Plaintiff's Motion to Amend will likewise be denied.

**I.    BACKGROUND**

Plaintiff is a tenured Professor of Psychiatry and Behavioral Sciences at Duke University Medical Center. (ECF No. 1 ¶ 15.) Plaintiff is a female, over the age of 40, and is

of Chinese national origin. (*Id.* at 59 ¶ 15.) She has worked for Duke University ("Defendant Duke University") and Duke University Health Systems ("Defendant DUHS") since 1989 as a Research Associate and has been a tenured professor at Duke University since 2014. (*Id.* ¶¶ 14–15). As of 2017, Plaintiff had a salary of over $200,000 and was responsible for managing a research laboratory that conducted clinical studies funded by federal grants. (*Id.* ¶¶ 17, 27.)

During Plaintiff's career, she worked on a research study involving patients called the "Responses of Myocardial Ischemia to Escitalopram Treatment" ("REMIT") study. (*Id.* ¶ 18.) Based on this study, Plaintiff wrote several scientific papers, including a paper published in a 2013 issue of the Journal of the American Medical Association ("JAMA"). (*Id.* ¶¶ 24–25.)

In April 2018, Moira Rynn, M.D., ("Defendant Rynn") as Chair of the Duke Psychiatry and Behavioral Science Department and Plaintiff's supervisor, initiated a departmental audit of Plaintiff's REMIT study. (*Id.* ¶¶ 8, 30, 43.) These audits began an approximately two-year sequence of additional audits and re-analysis of the REMIT study, all conducted by various committees at Duke. (*See id.* ¶¶ 56, 66, 94, 101–02, 119–20, 135.)

While the REMIT study audit was ongoing, Defendants reduced Plaintiff's salary to $34,418. (*Id.* ¶ 32.) Additionally, Defendant Rynn terminated a federal research grant won by Plaintiff, (*id.* ¶ 83), advised Plaintiff not to travel to China for work while under investigation, (*id.* ¶¶ 93, 95, 136), declined to recommend Plaintiff for a new position at Duke, (*id.* ¶¶ 107–15), and instructed another employee to send a letter to the editors of JAMA regarding issues with the study, (*id.* ¶ 154).

Based on these allegations, Plaintiff brought her original suit alleging discrimination based on her race, national origin, color, sex, and age, as well as retaliation, in violation of Title VII, the ADEA, 42 U.S.C. § 1981, and alleging a conspiracy to violate her civil rights in

violation of 42 U.S.C. § 1985.  (*Id.* at 59–61 ¶¶ 15–30.)  Upon Defendants filing a Motion to Dismiss for failure to state a claim, this Court dismissed all of Plaintiff's claims and entered a judgment dismissing the action.  (ECF Nos. 12; 13.)  Plaintiff then filed the instant Motion to Alter Judgment and Motion to Amend.  (ECF Nos. 14; 15.)

## II. MOTION TO ALTER JUDGMENT AND TO AMEND COMPLAINT

Plaintiff filed a Motion to Alter Judgment simultaneously with a Motion to Amend Complaint.  (*See* ECF Nos. 14; 15.)  Plaintiff filed her Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b).  (ECF No. 14 at 1.); *see Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013) (internal citations omitted) (finding that a plaintiff may only amend her complaint following a judgment if she files a motion to reopen or to vacate the judgment under Fed. R. Civ. P. 59(e) or 60(b)).

Here, Plaintiff filed her Motion to Ater Judgment within the 28 days required under Rule 59(e).  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Because Plaintiff has sought relief under 59(e) and met its specifications, this Court will now consider Plaintiff's Motion to Amend.

Plaintiff filed a Motion to Amend seeking to file a proposed Amended Complaint.  (ECF No. 15-1.)  Plaintiff alleges that her proposed Amended Complaint cures the deficiencies in her original Complaint outlined in this Court's Order dismissing Plaintiff's claims.  (ECF No. 15 ¶ 18.)  Defendants oppose Plaintiff's Motion to Amend, arguing that Plaintiff's additional allegations fail to cure the pleading deficiencies identified in this Court's memorandum.  (ECF No. 16 at 2.)

3

### A. Standard of Review

Under Rule 15(a), courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The determination of whether to grant or deny a motion to amend a pleading under Rule 15(a) lies within the sound discretion of the district court. *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Indeed, motions to amend are "[s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears." *New Amsterdam Cas. Co. v Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963).

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. "The further the case [has] progressed . . . the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Id.* (internal citations omitted). However, delay alone is not a sufficient reason to deny a motion to amend. *Id.* Courts must look to the "particular circumstances" of the case to determine whether an amendment is prejudicial or in bad faith. *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 119 (4th Cir. 2013).

4

Case 1:22-cv-00101-LCB-JEP     Document 18     Filed 01/31/25     Page 4 of 12

**B.     Discussion**

In Plaintiff's proposed Amended Complaint, she alleges the following claims: (1) race, color, age, and sex discrimination and retaliation against Defendant Duke and Defendant DUHS under Title VII and ADEA and (2) race discrimination and retaliation against Defendant Rynn and Defendant Klotman under § 1981.  (ECF No. 15-1 at 63 ¶¶ 15–30.)[1]

Preliminarily, this Court finds that Plaintiff's Amended Complaint would not be prejudicial to Defendants, and that Plaintiff did not make the proposed amendment in bad faith.  *See Oroweat Foods Co.*, 785 F.2d at 509.  Additionally, Defendants do not argue any prejudice or bad faith.  (*See generally* ECF No. 16.)  Therefore, the Court will analyze whether the proposed Amended Complaint is futile.  An amendment is futile when it "fails to satisfy the requirements of the federal rules."  *U.S. ex rel. Wilson v. Kellogg Brown Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted) (internal citations omitted).  "To determine whether a proposed amended complaint would be futile, [a] court [should] review[] the revised complaint under the same standard used for a motion to dismiss for failure to state a claim."  *Brown v. First Advantage Background Servs. Corp.*, 700 F. Supp. 3d 380, 382 (M.D.N.C. Oct. 26, 2023) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)) (internal quotation marks omitted) (additional citations omitted).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, Rule 15 and Rule 12(b)(6) "should be balanced against Rule 8(a)(2),

---

[1] As Plaintiff's proposed Amended Complaint removes her previous § 1985 claim, this Court will not address it.  (ECF No. 15 ¶ 18.)

5

which provides that a complaint need only contain a 'short and plain statement of the claims showing that the pleader is entitled to relief.'" *Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap. LLC.*, No. 1:21-cv-00515, 2022 WL 3446051, at *2 (M.D.N.C. Aug. 17, 2022) (quoting Fed. R. Civ. P. 8(a)(2)). These rules protect against meritless allegations by requiring sufficient factual allegations to "nudge[] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court will now analyze whether Plaintiff's Amended Complaint sufficiently states a claim under Rule 12(b)(6).

1. Title VII Disparate Treatment Claim

This Court in its Order dismissing Plaintiff's discrimination claim under Title VII found that the Complaint, "[did] not specifically identify any individual whom Plaintiff claims are appropriate comparators, nor [did] it state how such individuals were similar, anything regarding such individuals' conduct, or how Defendants treated those individuals." (ECF No. 12 at 6–7.)

To state a prima facie case of discrimination under Title VII a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F. 3d 187, 190 (4th Cir. 2010).

Since in its Order this Court found that Plaintiff's Complaint satisfied the first three elements, this Court will only analyze the proposed Amended Complaint regarding the fourth element. (ECF No. 12 at 5.) In Plaintiff's proposed Amended Complaint, she does not specifically name comparators, but she alleges three aliases and says that these are "other faculty members whose names have not yet been discovered." (ECF No. 15-1 at 12 ¶¶ 33–34.) The proposed Amended Complaint does state that these individuals are not members of

6

Plaintiff's protected classes, and she alleges that there are adverse actions taken against her that the comparators did not endure. However, this Court finds that even with these additions, the amendments to this claim are futile.

Plaintiff's factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In her Reply, Plaintiff states "[t]he fact that Plaintiff can not identify by specific name at this time the individuals of which she is aware have been treated more favorably than her is not fatal to her complaint when she has listed placeholders for them." (ECF No. 17 at 16.) This Court disagrees. Plaintiff's support for this contention includes a number of cases outside this Circuit except for one. In that case, *Coleman v. Maryland Ct. of Appeals*, the District Court of Maryland found that Plaintiff's allegation that "he was treated differently as a result of his race than white employees who were similarly situated," was insufficient to state a claim under Title VII. No. CIV L-08-2464, 2009 WL 8400940, at * 1 (D. Md. May 7, 2009), *aff'd* 626 F.3d 187 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals*, 566 U.S. 30 (2012).

Plaintiff's allegations are very similar to those in *Coleman*. In *Coleman* the court found that even with plaintiff naming a comparator, the complaint did allege that they were engaging in similar actions. Here, while the proposed Amended Complaint alleges comparators that are white males, (ECF No. 15-1 at 31 ¶ 93), it does not sufficiently allege that they were similarly situated besides stating that they are researchers. Plaintiff does not allege that they were also subjected to an audit of their research or some other type of review. The proposed Amended Complaint simply makes conclusory statements that are not sufficient to state a claim for relief under Title VII.

7

2. <u>Title VII and ADEA Hostile Work Environment Claim</u>

In its Order this Court dismissed Plaintiff's hostile work environment claim because "[t]he Complaint contains no allegations that anyone ever remarked on Plaintiff's race or gender" and "the Complaint [did] not allege sufficient facts about similarly situated colleagues who were treated differently to support an inference of discriminatory motive." (ECF No. 12 at 8.)

To state a claim for hostile work environment Plaintiff must show that: "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see Fox v. Gen. Motors Corp.*, 247 F.3d 169, 176 (4th Cir. 2001) (holding that hostile work environment is actionable under the ADEA). Plaintiff must plead facts to show that her work environment was so "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted) (internal citations omitted).

Plaintiff does not state in her Motion to Amend, and this Court does not find, any instance in the proposed Amended Complaint where Plaintiff pleads *factual* allegations that support that the workplace was permeated with discriminatory intimidation, ridicule, and insult. Additionally, Plaintiff fails to provide a nexus between the circumstances that allegedly made her work environment hostile, and her protected classes as required to state a claim under hostile work environment. Notably, there are no allegations in the proposed Amended

8

Complaint that anyone made any comments about her race, color, age, or sex. *See Bass*, 324 F.3d at 765 (upholding a dismissal and finding that plaintiff's complaint merely tells a story of a workplace dispute regarding her reassignment and some perhaps callous behavior by her supervisors).

Therefore, Plaintiff's amended Title VII and ADEA claims for hostile work environment are futile as they do not sufficiently state a claim for relief.

### 3. ADEA Claim

This Court previously dismissed Plaintiff's ADEA claim because "Plaintiff has not made *any* factual allegations about age except that she is over the age of 40." (ECF No. 12 at 9 (emphasis in original).) To state a claim under the ADEA, Plaintiff must allege that she is "(1) over the age of 40, and (2) experienced discrimination by an employer (3) because of [her] age." *Tickles v. Johnson*, 805 F.App'x 204, 207 (4th Cir. 2020) (citations omitted).

Plaintiff's proposed Amended Complaint does not allege the third element of an ADEA claim. Plaintiff's only *factual* allegation linking any alleged discrimination to her age is her allegation that "Plaintiff's husband was recently informed that Defendants had [been] providing information to government authorities indicating the Plaintiff has 'retired' which she clearly has not." (ECF No. 15-1 at 63 ¶ 177.) Plaintiff alleges in the proposed Amended Complaint that this action is "indicative of Defendants' discriminatory treatment of Plaintiff based on her age." (*Id.*)

This sole factual allegation pertaining to age-based discrimination is not sufficient to state a claim under the ADEA as it leaves the Court to "mere speculation." *Tickles*, 805 F. App'x at 207 (affirming dismissal where plaintiff offers no specific allegations such as "the nature of the requirements for promotion, [a]ppellant's own qualifications, the qualifications

9

and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own (i.e., whether they were substantially younger than him)" (citation omitted)).

Accordingly, Plaintiff's proposed Amended Complaint fails to state a claim for relief of age-based discrimination under the ADEA.

4. <u>42 U.S.C. § 1981 Claim</u>

Under 42 U.S.C. § 1981, to state a discrimination claim "a plaintiff must show (1) [her] membership in a protected class; (2) [her] satisfactory job performance; (3) an adverse employment action; and (4) similarly situated employees outside the protected class who received more favorable treatment." *Tabb v. Board of Educ.*, 29 F.4th 148, 157 (4th Cir. 2022).

The elements of a claim for discrimination in violation of § 1981 are the same as those for a claim for employment discrimination in violation of Title VII. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 n.7 (4th Cir. 2002). The Court's analysis of Plaintiff's Title VII discrimination claim applies to Plaintiff's § 1981 claim. Therefore, Plaintiff's proposed Amended Complaint fails to state a claim under § 1981.

5. <u>Retaliation Claim</u>

Lastly, Plaintiff's retaliation claim was dismissed by this Court because Plaintiff did not show that the alleged retaliatory actions happened because Plaintiff engaged in protected activity. (*See* ECF No. 12 at 9–14.)

The elements of a prima facie claim of retaliation are: "(1) that [plaintiff] engaged in a protected activity . . . (2) that [plaintiff's] employer took an adverse employment action against her, and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (internal quotation marks omitted) (citation omitted).

In its Order dismissing Plaintiff's claims, this Court found that Plaintiff engaged in protected activity, on November 20, 2020, when she filed her charge of discrimination. (ECF

10

No. 12 at 12.) Further, the Court found that Plaintiff's claim that her letter sent to Defendants notifying them of her discrimination claims was not a protected activity because it was not mentioned in the Complaint. (*Id.* at 10–11.) This argument was made only in Plaintiff's Response in Opposition to Defendants Motion to Dismiss. (*Id.*) Plaintiff's Motion to Amend argues that her omission is remedied, however, this Court disagrees. The proposed Amended Complaint solely states that "[o]n November 12, 2020, and then on November 20, 2020, when she filed her charge of discrimination, Plaintiff complained about the discriminatory treatment to which [Defendant Rynn] had subjected her." (ECF No. 15-1 at 61 ¶ 168.) The proposed Amended Complaint still does not sufficiently allege protected activity with respect to *any* letter sent to Defendants, as there is no mention of said letter in the proposed Amended Complaint, or descriptions of the contents of it. Accordingly, Plaintiff's filing of her charge of discrimination on November 20, 2020, is the only protected activity sufficiently alleged in the proposed Amended Complaint.

Regarding the second element, Plaintiff alleges that the adverse actions she faced are, "[o]n December 18, 2020, Defendants retaliated against Plaintiff by writing to the editor of JAMA calling into question the legitimacy of the article regarding the REMIT study." (ECF No. 15-1 at 61 ¶ 169.) Plaintiff then alleges that Geeta Swamy, M.D., Associate Vice President for Research at Duke, wrote to JAMA and made allegations that Plaintiff's study did not comply with protocols. (ECF No. 15-1 at 62 ¶ 174.)

However, these allegations fail to sufficiently plead retaliation because, as the Court noted in its Order, contacting JAMA was Defendants plan before Plaintiff even filed her charge of discrimination. The proposed Amended Complaint states that in October of 2019 it was recommended that "[t]he managing editors of . . . 2013 JAMA . . . publications should

11

be contacted with the known information about the reporting of [Plaintiff's] REMIT study conduct and results." (ECF No. 15-1 at 54 ¶ 149.) Therefore, Plaintiff's proposed Amended Complaint does not plead the third element of a retaliation claim, that there is a causal link between the protected activity and the adverse employment action.

Thus, the Court has determined that Plaintiff's proposed Amended Complaint is futile under the standards of Rule 15, as it fails to state a claim upon which relief may be granted. Therefore, the proposed Amended Complaint does not serve as a basis for a Motion to Alter or Vacate Judgment. *See Calvary Christian Ctr.*, 710 F.3d at 540 (quoting *Katyle*, 637 F.3d at 471) ("'To determine whether vacatur is warranted…[t]he court need only ask whether the amendment should be granted' under Rule 15 standards.").

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter Judgment, (ECF No. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, (ECF No. 15), is **DENIED**.

This, the 31st day of January 2025.

/s/ Loretta C. Biggs
United States District Judge